■ PERCY DELAIR et al., Appellants, v. RAYMOND GAUDET, Respondent. RAYMOND GAUDET, Respondent, v. PERCY DELAIR et al., Appellants.— Appeals from two judgments entered on a verdict of a jury rendered at a Trial Term of the Supreme Court, Franklin County. The first action is by the owners of a house against a plumber for improperly installing heating equipment; the second action is by the plumber against the owners of the house for the unpaid balance of labor and materials. After a trial of both actions together before a jury, lasting substantially three days, in which the controversy between the parties was fully explored, verdicts were returned in both cases in favor of the plumber. The owners of the house appeal. It is argued that the verdicts are against the weight of the evidence. When we sift the record in detail we find a controversy about what the plumber agreed to do. The owners were building a new house. They consulted with the representative of a radiator company about heating equipment. He made calculations as to the kind of equipment needed based on the plan of the house presented to him. There is a dispute whether a single zone system which was at first installed by the plumber was decided upon by the house owners or by the representative of the radiator company; but the jury was justified in finding on a controverted record that the plumber installed the kind of a zone system which the owners instructed him to install. It proved inadequate in some respects and the owners bought from the plumber, and asked him to install, a different boiler; and this not fully correcting the condition, another plumber was hired to install a third boiler and perform additional work. The owners argue that the jury ought to have found that they relied entirely on the plumber in this action to provide an adequately working heating plant; and not having done this, that he should not only fail to recover the balance of his plumbing and heating bill, but should be answerable in their action against him for the bill of the second plumber who made the additional installation. There is evidence from which the jury could find, and on this appeal we are required to examine the record in an aspect most favorable to the findings of the jury, that the installation made by the plumber in these actions followed instructions given him; that corrections could in any event have been made by relatively inexpensive changes in zoning and that in these

circumstances the plumber ought to recover what is due him and ought not be held responsible for the other plumber's bill for additional work and for installation of a third boiler and additional equipment. Even if the heating specialist consulted by the owners made an error in judgment and the plumber followed the resulting instructions by or on behalf of the owners, he would not necessarily be responsible in damages if the plant did not work, or at least so a jury could find. The jury might have found the other way in this dispute, but on this record it seems to us that the record supports the verdicts in favor of the plumber. We do not regard the discrepancies in the bills of particulars and in the records of time and work performed by the plumber to be serious; and this dispute was resolved by the jury properly. The controlling issue was whether the plumber was given specific instructions as to the kind of heating plant he would install, or whether he undertook to provide one that would be adequate. Objection is made to the reception in evidence of the opinion of the heating expert called by the plumber. The witness was an engineer; had extensive training in heating and radiation, academically and by experience; and we think the court was justified in taking his opinion as to the adequacy of the plant as installed by the plumber. The mere fact he had never, as a contractor, "installed" a heating plant does not disqualify him from stating an opinion in the field of heating equipment in which he demonstrated a special competence. We see no justification in the argument by appellants that they did not have a fair trial at the hands of the Justice presiding. Judgments unanimously affirmed, with costs. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.